IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRATH KEP

Petitioner, No. CIV S-12-0315 JAM CKD P

vs.

F.X. CHAVEZ

Respondent. ORDER

_______________________________/

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, the court intends to direct respondents to file a response to Grounds One, Two and Four of the petition. However, the court finds the factual allegations of Ground Three too vague to warrant ordering a response. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which

entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). In Ground Three, petitioner alleges that his trial counsel should have spoken to potentially favorable witnesses in preparing his defense and should have called those witnesses at trial. He names several family members who could have "help[ed] create reasonable doubt," but he fails to describe the testimony they would have given. Petition at 46. Without any explanation as to how those witnesses would have been critical to petitioner's case, the petition does not adequately apprise the court or the respondent as to the factual basis of the claim alleged in Ground Three.

The court will allow plaintiff the opportunity to file an amended petition in which he alleges with some degree of specificity the nature of the testimony his lawyer failed to present in his defense by not calling certain witnesses and how that testimony would have affected the outcome of his trial. Petitioner is advised that he is not required to file an amended petition: he may stand on his original petition and proceed with Grounds One, Two and Four, or he may file an amended petition, subject to the requirements described below, within thirty days of the date of this order. If the court does not receive an amended petition within thirty days, it will order the respondent to respond to Grounds One, Two and Four only.

If petitioner chooses to file an amended petition, the court will examine it according to the same screening standards it has applied in this order to the original petition. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint or petition supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended petition, the original no longer serves any function in the case. In an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged. Therefore, if petitioner chooses to file an amended petition in order to allege a more specific Ground Three, he must also re-allege

Grounds One, Two and Four of the original petition.

Petitioner has also moved for an order requiring the state court that issued his judgment of conviction to send him a copy of the record and transcript of the criminal proceedings against him. As a general matter, a federal court lacks authority to order injunctive relief against a state court. Moreover, "there is no entitlement to a free copy of the [trial] transcript when seeking collateral review." Rodriguez v. Gonzalez, 2009 WL 2914151 at *1 (E.D. Cal.). In order to obtain a copy of the transcript, petitioner must contact the state court directly or through his trial or appellate counsel.

Finally, petitioner has moved for the appointment of counsel and for an evidentiary hearing. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Furthermore, the request for an evidentiary hearing is premature. Although a court may, in certain circumstances, call for an evidentiary hearing in a habeas case, the court will in this case allow the parties to brief their positions before determining whether an evidentiary hearing is necessary.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner has thirty days from the date of this order in which to file an amended petition. If petitioner chooses not to file an amended petition, the court will order respondent to respond only to Grounds One, Two and Four of the original petition.

////

////

////

3. The motions for records and transcripts (Docket No. 2), for an evidentiary hearing (Docket No. 3), and for appointment of counsel (Docket No. 4) are denied.

Dated: April 10, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
kep0315.option