1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    VIRATH KEP

11              Petitioner,                No. CIV S-12-0315 JAM CKD P

12       vs.

13    F.X. CHAVEZ

14              Respondent.             <u>ORDER</u>

15    _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18    pauperis.

19            Examination of the in forma pauperis application reveals that petitioner is unable

20    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21    granted.  <u>See</u> 28 U.S.C. § 1915(a).

22            Since petitioner may be entitled to relief if the claimed violation of constitutional

23    rights is proved, the court intends to direct respondents to file a response to Grounds One, Two

24    and Four of the petition.  However, the court finds the factual allegations of Ground Three too

25    vague to warrant ordering a response.  "[A] claim for relief in habeas corpus must include

26    reference to a specific federal constitutional guarantee, as well as a statement of the facts which

1

1   entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).  In Ground

2   Three, petitioner alleges that his trial counsel should have spoken to potentially favorable

3   witnesses in preparing his defense and should have called those witnesses at trial.  He names

4   several family members who could have "help[ed] create reasonable doubt," but he fails to

5   describe the testimony they would have given.  Petition at 46.  Without any explanation as to

6   how those witnesses would have been critical to petitioner's case, the petition does not

7   adequately apprise the court or the respondent as to the factual basis of the claim alleged in

8   Ground Three.

9           The court will allow plaintiff the opportunity to file an amended petition in which

10  he alleges with some degree of specificity the nature of the testimony his lawyer failed to present

11  in his defense by not calling certain witnesses and how that testimony would have affected the

12  outcome of his trial.  Petitioner is advised that he is not required to file an amended petition: he

13  may stand on his original petition and proceed with Grounds One, Two and Four, or he may file

14  an amended petition, subject to the requirements described below, within thirty days of the date

15  of this order.  If the court does not receive an amended petition within thirty days, it will order

16  the respondent to respond to Grounds One, Two and Four only.

17          If petitioner chooses to file an amended petition, the court will examine it

18  according to the same screening standards it has applied in this order to the original petition.  In

19  addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make

20  plaintiff's amended petition complete.  Local Rule 220 requires that an amended pleading be

21  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

22  amended complaint or petition supersedes the original.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

23  Cir. 1967).  Once petitioner files an amended petition, the original no longer serves any function

24  in the case.  In an amended petition, as in an original petition, each habeas claim and the factual

25  bases underlying it must be sufficiently alleged.  Therefore, if petitioner chooses to file an

26  amended petition in order to allege a more specific Ground Three, he must also re-allege

                                                    2

1   Grounds One, Two and Four of the original petition.

2          Petitioner has also moved for an order requiring the state court that issued his

3   judgment of conviction to send him a copy of the record and transcript of the criminal

4   proceedings against him.  As a general matter, a federal court lacks authority to order injunctive

5   relief against a state court.  Moreover, "there is no entitlement to a free copy of the [trial]

6   transcript when seeking collateral review." Rodriguez v. Gonzalez, 2009 WL 2914151 at *1

7   (E.D. Cal.).  In order to obtain a copy of the transcript, petitioner must contact the state court

8   directly or through his trial or appellate counsel.

9          Finally, petitioner has moved for the appointment of counsel and for an

10  evidentiary hearing.  There currently exists no absolute right to appointment of counsel in habeas

11  proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.

12  § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

13  so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does

14  not find that the interests of justice would be served by the appointment of counsel at the present

15  time.  Furthermore, the request for an evidentiary hearing is premature.  Although a court may, in

16  certain circumstances, call for an evidentiary hearing in a habeas case, the court will in this case

17  allow the parties to brief their positions before determining whether an evidentiary hearing is

18  necessary.

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Petitioner's motion to proceed in forma pauperis is granted;

21         2.  Petitioner has thirty days from the date of this order in which to file an

22  amended petition.  If petitioner chooses not to file an amended petition, the court will order

23  respondent to respond only to Grounds One, Two and Four of the original petition.

24  ////

25  ////

26  ////

3.   The motions for records and transcripts (Docket No. 2), for an evidentiary hearing (Docket No. 3), and for appointment of counsel (Docket No. 4) are denied.

Dated: April 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
kep0315.option

4