IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRATH KEP,

    Petitioner,        No.  2:12-cv-0315 JAM CKD

  vs.

F.X. CHAVEZ,

    Respondent.       FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner, proceeds pro se with an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 1983.  Petitioner challenges his 2006 convictions in the San Joaquin County Superior Court.  Respondent has moved to dismiss the petition as untimely filed beyond the applicable one-year statute of limitations.  (Dkt. No. 18.)  Petitioner's opposition, respondent's reply, and petitioner's sur-reply are also before the court.  (Dkt. Nos. 22, 29, 31.)

BACKGROUND

        On March 7, 2006, a jury convicted petitioner of six counts of lewd and lascivious acts with a child under the age of fourteen.  (Lodged Document[1] ("L.D.") 1.)  On April 17, 2006,

---

[1] See Respondent's Notice of Lodging Documents in Paper. (Dkt. No. 19.)

1

the trial court sentenced him to a determinate state prison term of eighteen years. (Id.) On August 29, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. (L.D. 3.) Petitioner sought review in the California Supreme Court which was denied on November 14, 2007. (L.D. 4, 5.) Before commencing the pending federal action on January 30, 2012 (see Dkt. No. 1), petitioner filed seven unsuccessful post-conviction collateral challenges which will be discussed in greater detail herein. (L.D. 7-19.)

## ANALYSIS

I. AEDPA

Because the pending petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). The AEDPA imposes a one-year statute of limitations period for filing a federal habeas corpus petition as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  28 U.S.C. § 2244(d)(1)-(2).

2  II. Calculation of the Limitations Period

3  As stated, the California Supreme Court denied review of petitioner's convictions on November 14, 2007. The ninety-day period for him to file a petition for writ of certiorari in the United States Supreme Court expired on February 12, 2008 (see S.Ct. Rule 13), and the one-year statute of limitations began running the following day, on February 13, 2008. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, absent any tolling, February 12, 2009 was the last day for petitioner to file his federal habeas petition.

Petitioner is, however, entitled to statutory tolling for the periods of time during which any properly filed state post-conviction petitions were pending. See 28 U.S.C. § 2244(d)(2). This does not include the interval between the date on which his convictions became final and the date on which he filed his first state collateral challenge because no case was "pending" during that period. See Lawrence v. Florida, 549 U.S. 327, 330 (2007); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes final and the filing of a state habeas petition is not tolled[.]"). Tolling is appropriate, however, for the intervals between a state court's entry of judgment and the timely filing of a new petition in the next court, so long as petitioner did not delay "unreasonably" in seeking review. See Carey v. Saffold, 536 U.S. 214, 219-20, 225 (2002).

In determining the date of filing of petitioner's state and federal habeas petitions, this court applies the mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988) ("We thus conclude that... the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir.

2010) (applying the mailbox rule to "federal and state petitions alike"). "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Campbell, 614 F.3d at 1058-59 (citing Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001)).

Here, respondent agrees that the mailbox rule should be applied for each of petitioner's state collateral challenges filed, except as to his second state habeas corpus petition. Respondent contends that petitioner is not entitled to the benefit of the mailbox rule in regard to his second state habeas corpus petition because he did not personally deliver the petition to prison authorities for mailing. (Dkt. No. 18 at 2.) Rather, the proof of service was signed by a non-party, presumably another inmate, on September 2, 2008, the same date that petitioner signed his petition. (L.D. 8.) However, the file stamp date reflects that the petition was not received at the San Joaquin County Court until November 22, 2008, which was eighty-two days after the proof of service.

This court need not decide whether petitioner is entitled to the benefit of the mailbox rule for his second state habeas corpus petition because, as will be discussed, the petition is untimely whether or not the benefit of the rule is applied to the second state petition. The relevant chronology of this case for application of statutory tolling principles is as follows.

A. First State Petition

Petitioner filed his first state petition to the California Supreme Court on November 10, 2008. (L.D. 6.) On May 13, 2009, it was denied. (L.D. 7.) Petitioner is entitled to tolling for the 185 days during which this action was pending. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that state habeas petitions meeting the state's filing requirements are properly filed within the meaning of section 2244(d)(2)). Accordingly, based on the filing of petitioner's first state petition, the limitations period was extended from February 12, 2009 to August 16, 2009.

/////

B. <u>Second and Third State Petitions</u>

On either September 2, 2008, or November 22, 2008 (depending on whether petitioner is given the benefit of the mailbox rule), petitioner filed his second state petition, which the San Joaquin County Superior denied on January 22, 2009. (L.D. 8-9.) On March 19, 2009, petitioner filed his third state petition which the California Court of Appeal denied on April 2, 2009. (L.D. 9-10.) If, as respondent urges, the mailbox rule is not applied to petitioner's second state petition, then both his second and third state petitions were pending entirely during the period of time that his first state petition was pending and no additional period of tolling need be calculated. If, however, petitioner is given the benefit of the mailbox rule for his second state petition, an additional tolling of 69 days of tolling would be applied, extending the limitations period from August 16, 2009 to October 24, 2009. Again, this court need not decide whether to apply the mailbox rule to petitioner's second state petition because, as will be discussed, his original federal petition was untimely filed either way.

C. <u>Fourth State Petition</u>

Petitioner did not file his fourth state petition until December 30, 2009. (L.D. 12.) This was 230 days after the denial of his first state petition (and even longer after the denial of his second and third state petitions, were the court to calculate from those dates). Respondent contends that interval tolling for this period of time is forfeited because 230 days (or more) constitutes an unreasonable delay. Respondent further asserts the limitations period expired during this unreasonable delay.

The Supreme Court has held that a delay of "at least six months" between the denial of a petition and the filing of a new petition was "unreasonable" for purposes of statutory tolling under section 2244. <u>Evans v. Chavis</u>, 546 U.S. 189, 201 (2006); <u>see</u> also <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding unexplained delays of 101 and 115 days to be unreasonable and not entitled to interval tolling); <u>Sok v. Substance Abuse Training</u>, 2011 WL 3648474, *5 (E.D. Cal. Aug. 17, 2011) (citing collected cases and concluding that "a consensus

appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable.").

The undersigned agrees with respondent that 230 days was an unreasonable delay and that petitioner is not entitled to tolling for that period of time. Thus, the limitations period expired prior to the filing of petitioner's fourth state petition, regardless of whether he is given the benefit of the mailbox rule for his second state petition. As set forth above, the limitations period began running on February 13, 2008. After receiving the benefit of either 185 days tolling (with no mailbox rule applied to petitioner's second state petition) or 254 days tolling (with the benefit of the mailbox rule applied to petitioner's second state petition), the limitations period expired on either August 16, 2009 or October 24, 2009. Either way, the limitations period expired before petitioner filed his fourth through seventh state petitions (see L.D. 14-19), and before he constructively filed his original federal petition on January 30, 2012. Even if they were properly filed, none of petitioner's fourth through seventh state petitions operate to toll the limitations period since each was filed after the statute of limitations had already expired. (Id.) See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Equitable Tolling and Exceptions to the Statute of Limitations

In opposition to the motion to dismiss, petitioner argues that his "inability to speak, write, and understand English [ ] hindered his ability to move his petition in an ascending manner," and thus that his petition should be excepted from the one-year statute of limitations based on the fundamental miscarriage of justice exception. (Dkt. No. 22 at 2-3.) Petitioner states that he "is of Cambodian [descent] and has difficulty speaking, writing, and understanding English." (Id. at 1.) He further asserts that both trial and appellate counsel rendered deficient performance in relation to the language by failing to retain a Cambodian translator so that petitioner could "understand completely the charges against him and what the witnesses were

testifying to." (Id. at 1-2.) In addition, upon arriving at Kern Valley State Prison and due to the language barrier problem, petitioner asked another inmate to help him seek collateral relief in the state courts. (Id. at 2.) Petitioner gave all his legal work to that inmate and then was separated from it upon transfer to Sierra Conservation Center. (Id.) In sum, petitioner states that he "attempted diligently to bring the claim but did not understand how to because of the language barrier." (Id. at 7.) In a sur-reply to respondent's reply, petitioner asserts that he is entitled to equitable tolling for the described language barrier problems. (Dkt. No. 31 at 2.)

Respondent disputes petitioner's assertions that petitioner did not and does not understand English. Specifically, respondent tenders evidence that (1) petitioner's language is denoted as "English" on his CDCR education records, (2) he took and passed the General Education Development (GED) exam, with his highest score in reading; and (3) he testified on his own behalf at trial in English and the issue of an interpreter never arose at trial. (Dkt. No. 29 at 4 & Ex. A.) Petitioner responds in his sur-reply that there were discrepancies in his test scores for the GED, which range from 12% to 73%, and that he only passed by guessing. (Dkt. No. 31 at 4.)

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (9th Cir. 2010); see also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). However, a petitioner is "entitled to equitable tolling only where he shows (1) that he has been pursuing his rights diligently,[2] and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562 (internal quotations marks omitted); see also Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.... Equitable tolling is typically granted

---

[2] "The diligence required is 'reasonable diligence'... not 'maximum feasible diligence.'" Holland, 130 S.Ct. at 2565.

7

when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.") (internal quotation marks and citations omitted)). Equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). Accordingly, equitable tolling is "unavailable in most cases." Miles, 187 F.3d at 1107; see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"). Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).

Regarding deficient performance by an attorney and equitable tolling, the Ninth Circuit has held:

> Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake. See Spitsyn, 345 F.3d at 800-02; see also Irwin v. Dept' of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). Thus, in cases where a petitioner claims his attorney was the cause of the untimeliness, courts must examine if the claimed failure was one of mere negligence by the attorney, such as inadvertently miscalculating a filing deadline in a non-capital case, see Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), or a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation, see Spitsyn, 345 F.3d at 801 (citing Baldayaque v. United States, 338 F.3d 145, 152 (2nd Cir. 2003)).

Doe v. Busby, 661 F.3d 1001, 1011-12 (9th Cir. 2011).

/////

1  The Ninth Circuit has also held that a non-English speaking petitioner may be entitled to equitable tolling if he can demonstrate that during the limitations period, extraordinary circumstances prevented him, despite diligent efforts, from procuring legal materials in his own language or translation assistance from an inmate, library personnel, or other source. Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). Here, however, petitioner fails to show that the alleged language barrier was an extraordinary circumstance that prevented him from timely filing thereby entitling him to the equitable tolling of the AEDPA's statute of limitations.

First, petitioner's separation from his legal materials due to a voluntary relinquishment of those legal materials to another inmate does not warrant equitable tolling. See United States v. Cicero, 214 F.3d 199, 204-05 (D.C. Cir. 2000). Second, his allegations regarding his attorneys' alleged malfeasance in regard to the language barrier are unsupported by evidence in the record other than bare assertions. He has not shown that trial and appellate counsel actually failed to recognize and deal with a language barrier problem. Petitioner has not adequately shown that a language barrier, in fact, existed, and evidence tendered by respondent indicates to the contrary. Given petitioner's failure to come forward with evidence in support of his contentions, the court cannot conclude that he has carried his burden of establishing that "extraordinary circumstances" existed which might justify equitable tolling of the AEDPA statute of limitations in his case.

Petitioner is likewise not entitled to application of the miscarriage of justice exception announced in Schlup v. Delo, 513 U.S. 298 (1995), because he does not demonstrate actual innocence. The Ninth Circuit has held that a credible showing of "actual innocence" under Schlup excuses the AEDPA statute of limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits. Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). In order to fall within this exception to the statute of limitations, however, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases... implicating a fundamental

miscarriage of justice.'" Id. at 937 (quoting Schlup, 513 U.S. at 314-15). In addition, "[t]he evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 937-38 (quoting Schlup, 513 U.S. at 316). "To pass through the Schlup gateway, a 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 938 (quoting Schlup, 513 U.S. at 327).

Here, petitioner does not provide any factual support for a claim of innocence. He baldly alleges that "counsel failed to call a forensic expert to testify, which would have proven beyond a reasonable doubt that [he] did not commit the crime." (Dkt. No. 22 at 6.) This vague and unsupported allegation does not come close to satisfying the Schlup standard.

For all these reasons, petitioner is not entitled to equitable tolling of the AEDPA statute of limitations. The pending federal action, having been commenced after expiration of the one-year statute of limitations is, therefore, time-barred.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 18) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

1   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2   F.2d 1153 (9th Cir. 1991).

3   Dated: March 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
kep0315.157